IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ROCK, A ARIZONA CORPORATION SOLE BY: OVERSEER, OSWALD GEORGNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DECISION ONE MORTGAGE, et al.,<br><br>　　　　Defendants. | 1:08-CV-1472 AWI SMS<br><br>ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF AND MOTION TO COMPEL<br><br>(Documents #2 & #6) |

　　　　On September 30, 2008, Plaintiff The Rock, an Arizona corporation, filed a document entitled "Claim Requiring Compensation and Judicial Cognizance of Injury which the Respondents Are Causing The Petitioner, Falsifying Public Records, Conversion, Trespass and Violations of PUBLIC POLICY".  This document names several mortgage companies, banks, attorneys, and Tulare County Officials as "Respondents".   The document appears to allege that the various Respondents conspired to place false information on Plaintiff The Rock's property's title, possibly violating Plaintiff's civil rights.   The document also appears to allege that Respondent mortgage companies and banks may have violated 12 U.S.C. § 83.

　　　　On October 1, 2008 and October 6, 2008 Plaintiff The Rock filed a motion to compel Tulare County Respondents to hire a private attorney, a petition to quiet title, and request for an injunction.  It appears from these documents that Plaintiff is attempting to obtain some form of preliminary injunctive relief to stop the sale of Plaintiff the Rock's property, reverse an unlawful

detainer that Tulare County Respondents should have known was improper, and possibly take some action in a pending state court case concerning the property.

To obtain preliminary injunctive relief, the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir.1999); Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985).   Here, the court cannot find that there is either a likelihood of success on the merits or even serious questions going to the merits based on the documents before the court.

Preliminarily, the court notes that Plaintiff / Petitioner is an Arizona Corporation called "The Rock".   The pending motions appear to have been drafted by The Rock's "Overseer", Oswald Georgner.   Litigants in federal court have a statutory right to choose to act as their own counsel.   28 U.S.C. § 1654.   However, this privilege is personal to the litigant. McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966).   A non-attorney may not represent another. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997); Church of the New Testament v. U.S., 783 F.2d 771, 774 (9th Cir. 1986);  Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962). A non-attorney may also not represent any entity, such as a corporation.  Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993).   Corporations or associations may only appear in federal court by licensed counsel.  Rowland, 506 U.S. at 202;  Local Rule 83-183(a).   Here, Plaintiff The Rock is a corporation that must be represented in this action by an attorney.   Unless he is a licensed attorney, Oswald Georgner may not represent Plaintiff The Rock in this action. Thus, on its face, the court must reject the pending motions because they are not properly before the court.

In addition, whether there is a case or controversy before the court over which the court has jurisdiction is questionable.   While the documents appear to allege some conspiracy to violate Plaintiff's civil rights, which of The Rock's Constitutional rights are at issue remains

2

unclear.   Based on the vague assertions before the court, the court finds injunctive relief is not available for possible civil rights violations and/or conspiracies.

The documents also refers to 12 U.S.C. § 83.  Title 12 U.S.C. § 83(a) provides: "No national bank shall make any loan or discount on the security of the shares of its own capital stock."   The purpose behind The National Bank Act is to both confer on national banking associations the authority to conduct a public banking business and provide protection for the bank's depositors and other creditors.   Deitrick v. Greaney, 309 U.S. 190, 194 (1940).   The purpose behind Section 83's prohibition against a bank purchasing its own stock "is to prevent the impairment of its capital resources and the consequent injury to its creditors in the event of insolvency."   Id. at 195.   Here, nothing in the pending motions or documents concern any of the Respondent Banks' alleged purchase of its own stock or making a loan based on its own stock. In fact, the issue of stock is not mentioned in the operative documents.    It appears Plaintiff possibly borrowed money from a bank, making statutes designed to protect creditors inapplicable.   Based on the vague assertions before the court, the court finds injunctive relief is not available for possible violations of 12 U.S.C. § 83(a).

Accordingly, the court ORDERS that:

1. Plaintiff The Rock's motion for injunctive relief, and any other relief requested in Document 2 and Document 5, is DENIED.
2. Plaintiff The Rock is ORDERED to obtain counsel and file a notice of appearance of counsel by October 31, 2008.
3. Plaintiff is FOREWARNED that failure of Plaintiff The Rock to obtain counsel and any further attempts by any non-attorney individual to represent Plaintiff The Rock may result in SANCTIONS, up to and including dismissal of this action.

IT IS SO ORDERED.

**Dated:    October 22, 2008**               /s/ Anthony W. Ishii
                                   CHIEF UNITED STATES DISTRICT JUDGE