1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **THE ROCK, A ARIZONA CORPORATION SOLE BY: OVERSEER, OSWALD GEORGNER,** | ) ) ) | **1:08-CV-1472 AWI SMS** |
| **Plaintiff,** | ) ) | **ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE** |
| **v.** | ) ) ) | **DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S** |
| **DECISION ONE MORTGAGE, et al.,** | ) ) | **OCTOBER 23, 2008 ORDER AND PLAINTIFF'S FAILURE TO** |
| **Defendants.** | ) ) | **OBTAIN COUNSEL** |
| _____ | ) | |

10

11

12

13

14

15

16

17    On September 30, 2008, Plaintiff The Rock, an Arizona corporation, filed a document

18 entitled "Claim Requiring Compensation and Judicial Cognizance of Injury which the

19 Respondents Are Causing The Petitioner, Falsifying Public Records, Conversion, Trespass and

20 Violations of PUBLIC POLICY".   The document was filed by Oswald Georgner who describes

21 himself as the sole overseer of Plaintiff The Rock.   This document names several mortgage

22 companies, banks, attorneys, and Tulare County Officials as "Respondents".

23    On October 1, 2008 and October 6, 2008, Plaintiff The Rock filed a motion to compel,

24 which the court construed as a motion for injunctive relief.   On October 23, 2008, the court

25 denied Plaintiff The Rock's motion for injunctive relief.   In this order, the court also explained

26 that Plaintiff The Rock, as a corporation or entity, had to be represented in this action by an

27 attorney.   The court ordered Plaintiff The Rock to obtain counsel and file a notice of appearance

28 of counsel by October 31, 2008.   Finally, the court forewarned Plaintiff The Rock if it did not

1  obtain counsel and continued to file documents by a non-attorney individual the court would

2  impose sanctions, up to and including dismissal of this action.

3         No attorney has filed a notice of appearance in this action on behalf of Plaintiff The Rock.

4  In addition, Oswald Georgner has continued to file documents on behalf of Plaintiff The Rock.

5         As previously explained, litigants in federal court have a statutory right to choose to act as

6  their own counsel.   28 U.S.C. § 1654.   However, this privilege is personal to the litigant.

7  McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966).   A non-attorney may not represent

8  another.   Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997); Church of the New

9  Testament v. U.S., 783 F.2d 771, 774 (9th Cir. 1986);  Russell v. United States, 308 F.2d 78, 79

10  (9th Cir.1962).  A non-attorney may also not represent *any* entity, such as a corporation.  Rowland

11  v. California Men's Colony, 506 U.S. 194, 202 (1993).   Corporations or associations may only

12  appear in federal court by licensed counsel.  Rowland, 506 U.S. at 202;  Local Rule 83-183(a).

13  Here, Plaintiff The Rock is a corporation that must be represented in this action by an attorney.

14  The fact Oswald Georgner is the sole individual controlling Plaintiff The Rock does not allow

15  Oswald Georgner to pursue an action on behalf of Plaintiff The Rock.

16         Accordingly, Plaintiff The Rock is ORDERED to show cause in writing by January 24,

17  2009 why this action should not be dismissed for Plaintiff The Rock's failure to comply with the

18  October 23, 2008 order to obtain counsel and Plaintiff The Rock's repeated attempts to proceed

19  without an attorney.   Plaintiff is FOREWARNED that failure of Plaintiff The Rock to respond to

20  this order to show cause or failure to obtain counsel will result in DISMISSAL of this action.

21

22  IT IS SO ORDERED.

23  **Dated:    January 6, 2009**                            /s/ **Anthony W. Ishii**
                                                  CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28                                              2