1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ROCK, A ARIZONA CORPORATION SOLE BY: OVERSEER, OSWALD GEORGNER,         Plaintiff,     v. DECISION ONE MORTGAGE, et al.,         Defendants. | 1:08-CV-1472 AWI SMS ORDER DISMISSING ACTION FOR PLAINTIFF THE ROCK'S FAILURE TO COMPLY WITH THE COURT'S ORDERS, LOCAL RULES, AND CASE LAW AND PLAINTIFF THE ROCK'S FAILURE TO OBTAIN COUNSEL |

**BACKGROUND**

On September 30, 2008, Plaintiff The Rock, an Arizona corporation, filed a document entitled "Claim Requiring Compensation and Judicial Cognizance of Injury which the Respondents Are Causing The Petitioner, Falsifying Public Records, Conversion, Trespass and Violations of PUBLIC POLICY". The document was filed by Oswald Georgner who describes himself as the sole overseer of Plaintiff The Rock. This document names several mortgage companies, banks, attorneys, and Tulare County Officials as "Respondents".

On October 1, 2008 and October 6, 2008, Plaintiff The Rock filed a motion to compel, which the court construed as a motion for injunctive relief. On October 23, 2008, the court denied Plaintiff The Rock's motion for injunctive relief. In this order, the court also explained that Plaintiff The Rock, as a corporation or entity, had to be represented in this action by an attorney. The court ordered Plaintiff The Rock to obtain counsel and file a notice of appearance

1    of counsel by October 31, 2008.   Finally, the court forewarned Plaintiff The Rock if it did not

2    obtain counsel and continued to file documents by a non-attorney individual, the court would

3    impose sanctions, up to and including dismissal of this action.

4         When no attorney appeared on behalf of Plaintiff The Rock, on January 7, 2009, the court

5    ordered Plaintiff The Rock to show cause in writing by January 24, 2009 why this action should

6    not be dismissed for Plaintiff The Rock's failure to comply with the October 23, 2008 order to

7    obtain counsel and Plaintiff The Rock's repeated attempts to proceed without an attorney.   The

8    court's January 7, 2009 order forewarned Plaintiff The Rock that its failure to respond to the

9    order to show cause or failure to obtain counsel would result in dismissal of this action.

10        January 24, 2009 has passed and Plaintiff The Rock has not shown cause why this action

11   should not be dismissed.   In addition, no attorney has filed a notice of appearance in this action

12   on behalf of Plaintiff The Rock.   Finally, neither Plaintiff The Rock, Oswald Georgner, nor any

13   other party or entity has responded to the court's order to show cause.

14                                    **LEGAL STANDARD**

15        A court may dismiss an action, with prejudice, based on a party's failure to comply with

16   the Local Rules or failure to obey a court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

17   Cir. 1992).  In determining whether to dismiss this action for failure to comply with the court's

18   directives, "the Court must weigh the following factors: (1)  the public's interest in expeditious

19   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

20   defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

21   favoring disposition of cases on their merits."   Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.

22   2002) (citing Ferdik, 963 F.2d at1260-61.   "These factors are 'not a series of conditions

23   precedent before the judge can do anything,' but a 'way for a district judge to think about what to

24   do.'"   In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th

25   Cir. 2006);  (quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

26

27

28                                           2

**DISCUSSION**

Plaintiff The Rock is in violation of the court's orders, the Local Rules, and case law. Plaintiff The Rock failed to respond to the court's order to show cause.   Plaintiff The Rock failed to comply with the court's orders that required Plaintiff The Rock to obtain an attorney to represent Plaintiff The Rock.   Plaintiff The Rock is in violation of Local Rule 83-193, which requires that a "corporation or other entity may appear only by an attorney."   Finally, Plaintiff The Rock is in violation of the case law that forbids a non-attorney from representing *any* entity, such as a corporation.  Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993).   Thus, the issue before the court is whether dismissal is an appropriate sanction for Plaintiff The Rock's violation of the courts' orders, Local Rules, and case law.

The first requirement requires the court to consider the public's interest in expeditious resolution of litigation and the second factor requires the court to consider the court's own need to manage its docket  "'The public's interest in expeditious resolution of litigation always favors dismissal.'"  Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).   Here, this action has been pending for four months.   Plaintiff The Rock has failed to find an attorney since he was advised one was necessary on October 23, 2008. Defendants have filed motions to dismiss to which no attorney representing Plaintiff The Rock has opposed.   The court cannot manage its docket if it maintains cases in which a plaintiff fails to comply with court orders, the Local Rules, and case law.   The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding.   The court cannot continue to expend its scare resources assisting a litigant who will not obtain a attorney as required by law.   Thus, both the first and second factors weigh in favor of dismissal.

The third factor requires the court to consider the risk of prejudice to Defendants.   In general, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Pagalunan, 291 F. 3d at 642; Yourish, 191 F.3d at 991.  However, "delay inherently

1   increases the risk that witnesses' memories will fade and evidence will become stale."

2   Pagalunan, 291 F. 3d at 642.   Here, the delay is being caused by Plaintiff The Rock's failure to

3   comply with court orders, Local Rules, and case law that requires it to appear by an attorney.   In

4   addition, Defendants clearly desire dismissal of this action as they have filed motions to dismiss.

5   Therefore, the third factor weighs in favor of dismissal.

6           The fourth factor requires the court to consider the availability of less drastic alternatives.

7   At this stage in the proceedings there is little available to the court other than dismissal that

8   would constitute a satisfactory lesser sanction while protecting the court from further

9   unnecessary expenditure of its scare resources.   Factors that indicate whether a district court has

10   considered alternatives include: (1) Discussing of the feasibility of less drastic sanctions and

11   explanation why alternative sanctions would be inadequate; (2) Implementing alternative

12   methods of sanctioning before ordering dismissal; and (3) Warning to the plaintiff of the

13   possibility of dismissal before actually ordering dismissal.   In re PPA, 460 F.3d at 1228-29.   The

14   availability of less drastic sanctions has been considered, but given that Plaintiff The Rock did

15   not comply with either the court's October 23, 2008 order or January 7, 2009 order, did not

16   follow the Local Rules and case law, and did not obtain counsel, the court has no effective

17   sanction but to close the case.   The law clearly requires that corporations, associations, or

18   entities may only appear in federal court by licensed counsel.   Rowland, 506 U.S. at 202; Local

19   Rule 83-183(a).   Given Plaintiff The Rock's failure to appear in this action through an attorney,

20   monetary sanctions or preclusion of evidence sanctions is not available because this action

21   cannot proceed in any fashion without an attorney.   In addition, the court expressly warned

22   Plaintiff The Rock in the October 23, 2008 order that the "failure of Plaintiff The Rock to obtain

23   counsel and any further attempts by any non-attorney individual to represent Plaintiff The Rock

24   may result in SANCTIONS, up to and including dismissal of this action."   The court's January

25   7, 2009 order to show cause stated: "Plaintiff is FOREWARNED that failure of Plaintiff The

26   Rock to respond to this order to show cause or failure to obtain counsel will result in

27

28                                                    4

1   DISMISSAL of this action."  A "[w]arning that failure to obey a court order will result in

2   dismissal can itself meet the 'consideration of alternatives' requirement."  In re PPA, 460 F.3d at

3   1229; Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001).

4          The fifth factor requires the court to consider the public policy favoring disposition of

5   cases on their merits.   This factor normally weighs against dismissal.   Pagtalunan, 291 F.3d at

6   643.  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to

7   comply with deadlines and discovery obligations cannot move forward toward resolution on the

8   merits.  Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a

9   party whose responsibility it is to move a case toward disposition on the merits but whose

10  conduct impedes progress in that direction."  In re PPA,  460 F.3d at 1228.  The court finds this

11  factor has little weight in this action because Plaintiff The Rock is either unable or unwilling to

12  proceed with the action by obtaining counsel.

13         In weighing the five factors, the court finds that dismissal in this action is warranted.

14                                            **ORDER**

15         Accordingly, the court ORDERS that:

16         1.     This action is DISMISSED with prejudice for Plaintiff The Rock's failure

17                to comply with court orders, Local Rules, and case law requiring that

18                Plaintiff the Rock only appear by an attorney and Plaintiff The Rock's

19                failure to obtain counsel;

20         2.     All pending motions are DENIED as moot; and

21         3.     The Clerk of the Court is DIRECTED to close the case.

22

23  IT IS SO ORDERED.

24  **Dated:    January 28, 2009           _____ /s/ Anthony W. Ishii _____**
                                          CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28                                            5